IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   1:20-CRIM-43 |
| | ) |
| PHILLIP JOHN DECHANT, | )   Re: ECF No. 64 |
| Defendant. | ) |

MEMORANDUM ORDER
on
Motion for Compassionate Release

U.S. D.J. Susan Paradise Baxter

On February 8, 2023, Phillip John Dechant pleaded guilty to one count of Possession of a Firearm by a Convicted Felon. *See* ECF No. 43. On January 18, 2024, he was sentenced to a term of incarceration of forty (40) months, with a term of three (3) years of supervised release to follow. ECF No. 62.

Until recently, Mr. Dechant has been serving his prison sentence at FCI Morgantown in Morgantown, West Virginia. He seeks a reduction in his prison sentence under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons" for compassionate release predicated on family circumstances. ECF No. 64. The Government opposes the Motion. ECF No. 67; ECF No. 73. No reply brief has been filed, but none is required and so this matter is ripe for disposition.

Although the Court finds that the motion is properly before it, compassionate release is not warranted. Dechant's family situation does not rise to an "extraordinary and compelling" level and consideration of the factors set forth in 18 U.S.C. § 3553(a) yield the conclusion that

1

his criminal history weighs against his release. Thus, the Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [ECF No. 64] is denied without prejudice.

I.   BACKGROUND

On February 8, 2023, Phillip John Dechant pleaded guilty to one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 43. On January 18, 2024, he was sentenced to a term of incarceration of forty (40) months[1], with a term of three (3) years of supervised release to follow. ECF No. 62. In his plea agreement pursuant to Rule 11(c)(1)(C), Dechant agreed to that sentence which was below the advisory guideline range. He did not appeal his conviction or sentence.

On June 2, 2025, Dechant filed the instant motion for compassionate release. The submission, however, is cursory and lacks substantive support. ECF No. 63. The Government filed a response. ECF No. 67. On September 25, 2025, the Court held a status conference regarding letters of support from Dechant's wife and others, which had been received in Chambers. ECF No. 69. Dechant agreed to the filing of the letters on his behalf for consideration by the Court. *Id.* Thereafter, the multiple letters in support of Dechant's motion for compassionate release were filed on the docket (ECF No. 70-72), and the Government was allowed to supplement its response. ECF No. 73.

During the same Status Conference, the Government explained that: Dechant is expected to be transferred to the Renewal Residential Reentry Center in Pittsburgh, Pennsylvania around

---

[1] Dechant was directed to self-surrender at FCI Morgantown by April 4, 2024.

2

October 14, 2025[2]; he is projected to be statutorily eligible for home confinement around December 8, 2025; and his current release date is June 22, 2026.

## II.    LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 Fed. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In addition, the court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent they apply; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Burrus*, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) *citing* 18 U.S.C. § 3582(c)(1)(A)(i).

At every stage of the analysis, the movant bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. *United States v. Alford*, 2021 WL 1561508, at *5 (W.D. Pa. Apr. 21, 2021) *citing United States v. Smith*, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020). To satisfy this burden, a movant must produce *evidence* to the court. *United States v. Wilder*, 2021 WL 1224531, at *3 (W.D. Pa. Apr. 1, 2021) (internal citations omitted).

---

[2] The Court is aware the Dechant has been transferred to Renewal Center.

3

### III. DISCUSSION

After considering the relevant factors, this Court concludes that Dechant's motion is properly before it, but Dechant has not established that his asserted family circumstances constitute "extraordinary and compelling" reasons warranting his release. Moreover, even the required consideration of the § 3553(a) factors counsels the Court to conclude that Dechant's custodial sentence remains necessary to protect the public and deter further future criminal conduct, to reflect the seriousness of the offense, to provide just punishment, and to promote respect for the law.

#### A. Administrative Exhaustion

As amended, 18 U.S.C. § 3582(c) permits courts to modify sentences "upon the motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Thus, before petitioning a court for relief under the statute, a defendant who is in the custody of the Bureau of Prisons must first file an administrative request for compassionate release with the warden of his facility and then either: (1) fully exhaust Bureau of Prisons' administrative remedies; or (2) wait 30 days from the date their administrative request was filed with the warden. 18 U.S.C. § 3582(c). *See also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. Apr. 2, 2020) ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.' But

before they make such requests, defendants must at least ask the Bureau of Prisons to do so on their behalf and give Bureau of Prisons thirty days to respond.").

Dechant submitted a compassionate release request to the Warden in March 2025. The BOP denied the request because Dechant failed to demonstrate that he met the minimum eligibility criteria for a sentence reduction. *See* ECF No. 67-1. In April 2025, Dechant filed another administrative request seeking compassionate release on the same grounds. Again, the BOP denied the request. ECF No. 64-3. Thereafter, Mr. Dechant, acting pro se, filed his instant request for compassionate release on June 2, 2025. The Government acknowledges that Dechant has exhausted his administrative remedies.

### B. "Extraordinary and Compelling Reasons"

The burden to show that extraordinary and compelling reasons exist lies with the defendant. *United States v. Harvey*, 2021 WL 858449, at * 2 (W.D. Pa. Mar. 8, 2021) *citing United States v. Smith*, 2020 WL 4047485, at *2 (W.D. Pa. Jul. 20, 2020). To meet this burden, Dechant must produce evidence to this Court. *See United States v. Shynkarenko*, 2025 WL 1296235, at * 4 (D. N.J. May 5, 2025). Dechant's petition is cursory and fails to articulate **any** statutory basis for his request for compassionate release. *See* ECF No. 64. The only mention of Dechant's family's circumstance reads, in its entirety:

> "Petitioner requests the Honorable Court to grant a Compassionate Release due to the death of Petitioner's son, which has caused substantial family hardship. Petitioner's middle son passed away leaving Petitioner's wife and 10 year-old son. Petitioner's wife is struggling to take care of their 10 year-old son and keep day to day life tasks for both of them."

ECF No. 64-3, p. 6. This petition, without more explanation and without any evidence to support it, does not meet Dechant's burden to show extraordinary and compelling reasons to justify the award of compassionate release.

Review of the letters submitted in support of the petition provide additional detail regarding the circumstances confronting Dechant's family. *See* ECF No. 70-72. However, they do not rise to the level of extraordinary and compelling reasons to support the award of compassionate release.

Section 1B1.13(b) of the Policy Statement lays out that "extraordinary and compelling reasons" exist under any of the following circumstances or a combination thereof: a defendant's (1) medical circumstances; (2) age; (3) family circumstances; (4) abuse; (5) other reasons similar in gravity to (1)-(4); or (6) unusually long sentence. In the instant case, the only applicable factors is: (3) family circumstances.

Family circumstances meeting the extraordinary and compelling standard are:

> (A) The death or incapacitation of the caregiver of the defendant's minor child …
>
> (B) The incapacitation of the defendant's spouse …
>
> […]
>
> (C) The defendant establishes that circumstances similar to those listed in (3)(A) through (3)(C) exist involving any other immediate family members or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual.

*Id.*

The Guidelines simply do not account for the profound loss of a child as a qualifying circumstance. Likewise, they do not contemplate the hardship faced by a spouse left to shoulder the burdens of single parenthood alone. The letters submitted in support of Dechant's motion do

not establish that his spouse is incapacitated. Rather, they suggest the opposite – that Mrs. Dechant remains capable of managing her affairs and taking care of her son and has others available to assist her in doing so. Moreover, the difficulties expressed by Mrs. Dechant in visiting and communicating with her husband while incarcerated at FCI – Morgantown are no longer relevant due to Dechant's reassignment to Renewal Center.

### C. Potential Danger to the Community and the § 3553(a) Factors

Even if Mr. Dechant had been able to demonstrate extraordinary and compelling circumstances, "[n]ot every defendant who presents a qualifying extraordinary and compelling reason is entitled to relief under § 3582(c)(1)(A)." *United States v. Griffin*, 2021 WL 1853540, at *3 (E.D. Pa. May 7, 2021) *quoting United States v. Babbitt*, 2020 WL 6153608, at *9 (E.D. Pa. Oct. 21, 2020). A court must also consider (1) whether the defendant would present a danger to the community under 28 U.S.C. § 3142(g); and (2) whether a sentence reduction would be consistent with the factors enumerated in 28 U.S.C. § 3553(a). *See also United States v. Stewart*, 2023 WL 7509457, at *1 (3d Cir. Nov. 14, 2023) (noting that "if a court finds that [extraordinary and compelling reasons] exist, it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate.").

To determine whether a defendant would be a danger to the community, the Court considers "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, … community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). "[I]n considering the § 3553(a) factors, the

7

Court should assess whether those factors outweigh the extraordinary and compelling reasons warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *Brown*, 2021 WL 1920868, at *10, *quoting United States v. Bess*, 455 F. Supp. 3d 53, 66 (W.D. N.Y. Apr. 22, 2020).

It is defendant's burden to show that the § 3553(a) factors support the requested reduction and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *United States v. Burris*, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (internal citation omitted). As the Court of Appeals affirmed in *United States v. Pawlowski*, whether to reduce an eligible defendant's term of incarceration for compassionate release after considering the § 3553(a) factors is committed to the discretion of the Court. 967 F.3d 327 (3d Cir. Jun. 26, 2020). "That discretion includes the district court's authority to consider the length of the defendant's original sentence, including portions served and remaining when weighing the § 3553(a) factors." *Brown*, 2021 WL 1920868 at *11, *citing Pawlowski*, 967 F.3d at 330-31.

I have reviewed the sentencing documents to assess the danger to the community and the § 3553(a) factors. This Court is not persuaded that the § 3553(a) factors warrant the reduction in Dechant's term of imprisonment that would be required to grant his request for compassionate release. To date, Dechant has served approximately eighteen (18) months of a forty (40) month sentence he agreed to under a Rule 11(c)(1)(C) plea agreement. In sentencing Dechant less than twenty-four months ago, the Court considered each of the § 3553(a) factors and found those factors supported a sentence below the Guidelines. It is difficult to see how the same factors that justified a sentence of forty (40) months less than two years ago justify an eighteen (18) month sentence today.

The nature and circumstances of the offense and the characteristics of Dechant weigh against compassionate release. Possession of a firearm by a convicted felon is a serious offense. *See United States v. Timmons*, 2023 WL 1798797 (W.D. Pa. Feb. 7, 2023). This is especially true here, where Dechant illegally possessed **nine** firearms.

Reducing a sentence that was already below the guideline range and which was the subject of a plea agreement could have a deleterious impact on the public's respect for the law and deterrence. While I have no evidence that he will repeat his criminal conduct, Dechant has a criminal history that predated the current incarceration and he has received at least one disciplinary sanction while incarcerated. As such, and in light of these § 3553(a) factors, reducing his sentence could undermine the need to promote deterrence of other firearms crimes. The original sentence is necessary to protect the public from the danger to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2).

The original sentence of forty (40) months was below the guideline range, the maximum of which was fifty-one months. This Court believes that the original sentence remains sufficient, but not greater than necessary to meet all the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). Given the seriousness of his crimes, the need to impose appropriate punishment, the need to deter future criminal conduct, and to promote respect for the law, Dechant's compassionate release cannot be justified on the record as it now stands.

### IV.     CONCLUSION

Ultimately, compassionate release is appropriate only when there are extraordinary and compelling circumstances, the defendant's release would not pose a danger to the community, and release would be consistent with the § 3553(a) factors. *Griffin*, 2021 WL 1853540, at *3.

Because he has not demonstrated extraordinary and compelling circumstances, and because he has not shown that his early release would be consistent with the statutory factors, Dechant's motion for compassionate release is denied without prejudice subject to reassertion should circumstances warrant.

                                                  /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: October 28, 2025